IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MICHAEL SHANE WILMOTH                                         PETITIONER

V.                    Case No. 5:16-CV-05330-TLB-MEF

WENDY KELLEY, Director,
Arkansas Department of Correction                                   RESPONDENT

## **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed on November 15, 2016 by Petitioner, Michael Shane Wilmoth ("Wilmoth"). (ECF No. 1). A Response was filed by Respondent on January 25, 2017. (ECF No. 13). After granting three extensions of time, a Reply was filed by Petitioner on June 16, 2017. (ECF No. 29). The matter is ready for Report and Recommendation.

### **I. Background**

Wilmoth has a lengthy history of criminal activity, including acts of violence, dating back to 2002. On November 12, 2002, Wilmoth pleaded guilty to Domestic Battering 3d Degree, and he was placed on three years state supervised probation. (ECF No. 13-2, p. 3). His probation was revoked on April 5, 2004, and he was sentenced to serve six years in the Arkansas Department of Correction ("ADC"). (Id.). He was released from the ADC to supervision on October 30, 2006. (ECF No. 13-2, p. 18). On October 12, 2007, he committed the offense of Manufacture, Delivery, or Possession of a Controlled Substance, and he pleaded guilty to that offense, as an Habitual Offender, in the Circuit Court of Benton County, Arkansas on June 17, 2008, at which time he was sentenced to a term of 300 months imprisonment in the ADC. (ECF No. 13-2, p. 3). Wilmoth was

subsequently released from the ADC to supervision on December 17, 2015. (ECF No. 13-2, p. 5).

Wilmoth was arrested again in Benton County on July 6, 2016 on new charges of Assault on a Family Member 3d Degree, Domestic Battering 3d Degree, and Terroristic Threatening. (ECF No. 13-3, p. 3). On July 14, 2016, Wilmoth was given notice of a parole-violation action and notice that a parole-revocation hearing was scheduled on July 22, 2016. (ECF No. 13-3). The next day, July 15, 2016, Wilmoth wrote two letters to the Arkansas Parole Board requesting a continuance of the parole-revocation hearing and appointment of counsel. (ECF No. 13-4). A formal Motion for Continuance and Request for Legal Counsel were also filed with the Arkansas Parole Board. (ECF No. 13-5). The parole-revocation hearing was then continued twice, and it was eventually re-set on August 17, 2016. (ECF No. 13-6). Notice of the new date for the parole-revocation hearing was given to Wilmoth, but he refused to sign it. (ECF No. 13-6, p. 2; ECF No. 13-7).

A parole-revocation hearing was held on August 17, 2016. The revocation hearing Judge, Hon. Carol V. Bohannan, prepared notes regarding the August 17, 2016 parole-revocation hearing. (ECF No. 13-8). Her notes reflect that Wilmoth refused to come out of his cell to attend the hearing. (Id., p. 1). The hearing notes also show that an attorney, Sharon Draper, was appointed to represent Wilmoth at the hearing; that despite Wilmoth's claim that he "fired" her, attorney Draper was not relieved of her obligation to represent Wilmoth and she attended the hearing; and, a witness, Brydee Carrier, the alleged victim, was also present and testified on behalf of Wilmoth. (Id.). Finding by a preponderance of the evidence that Wilmoth had committed new law violations, Wilmoth's parole was revoked at the conclusion of the August 17, 2016 parole-revocation hearing. (Id., pp. 4-6).

On August 25, 2016, Wilmoth, acting *pro se*, appealed the revocation of his parole. (ECF No. 13-10). He asserted six grounds in his appeal, and these can be condensed to: (1) he was denied

his right to appear at the parole-revocation hearing (he denies refusing to come out of his cell to attend); (2) he was denied his right to call witnesses or present evidence at the parole-revocation hearing; (3) he was denied his right to confront the witnesses against him at the parole-revocation hearing; (4) ineffective assistance of counsel due to attorney Draper's failure to confer with him and to call witnesses on his behalf; and, (5) denial of his right to exhaust the parole grievance process. (Id.). The Arkansas Parole Board affirmed the revocation of Wilmoth's parole on September 15, 2016. (ECF No. 13-9). Wilmoth did not further appeal the revocation of his parole to an appropriate Arkansas Circuit Court.

On November 15, 2016, Wilmoth filed the pending Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. As grounds for relief, Wilmoth asserts: (1) he is severely mentally ill; (2) he was denied his right to appear at the parole-revocation hearing; (3) he was denied his right to call witnesses or present evidence at the parole-revocation hearing; and, (4) ineffective assistance of counsel due to attorney Draper's failure to confer with him. (ECF No. 1). Respondent filed its Response to the Petition on January 25, 2017. (ECF No. 13). In it, Respondent avers that Wilmoth's claims are procedurally barred; that grounds one and four are not cognizable under 28 U.S.C. § 2254; and, that Wilmoth's claims are meritless. (Id.). Wilmoth filed a Reply on June 16, 2016.[1] (ECF No. 29).

## II. Discussion

An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a state court shall be entertained only on the ground that he is in custody in violation

---

[1] Wilmoth also attempted to file an Amended Petition on June 13, 2017. (ECF No. 26). The Amended Petition was stricken by Order entered on July 17, 2017. (ECF No. 33).

of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). Before seeking federal habeas review, a state prisoner must exhaust available state remedies, giving the state the opportunity to correct alleged violations of a prisoner's federal rights, "which means he must 'fairly present' his claim in each appropriate state court to alert that court to the claim's federal nature." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); 28 U.S.C. §§ 2254(b) and (c) (requiring state prisoner seeking federal habeas relief to exhaust all remedies available in the state courts). When a habeas petitioner fails to raise his federal claims in state court, he deprives the state of "an opportunity to address those claims in the first instance" and frustrates the state's ability to honor his constitutional rights. *Cone v. Bell*, 556 U.S. 449, 465 (2009) (quoting *Coleman v. Thompson*, 501 U.S. 722, 732 (1991)). Therefore, when a habeas petitioner defaults his federal claims by failing to raise them in state court in compliance with the relevant state procedural rules, federal habeas review is barred unless the petitioner can demonstrate "cause" for the default and "actual prejudice" as a result of the alleged violation of federal law, or alternatively, demonstrate that failure to consider his claims will result in a fundamental miscarriage of justice. *Id*.; *Coleman v. Thompson*, 501 U.S. at 750.

A thorough review of Wilmoth's petition and the record in this case conclusively shows that Wilmoth has procedurally defaulted his claims, and the undersigned recommends the denial and dismissal of his petition with prejudice.

### A. Wilmoth's Claims Are Procedurally Defaulted

After the Respondent raised the issue of procedural default in its Response (ECF No. 13, pp. 4-7), Wilmoth asserted in his Reply (ECF No. 29) that his failure to develop the record in state court was the fault of his appointed counsel, Sharon Draper. Wilmoth alleged that attorney Draper should have "at least inform[ed] the Petitioner of the complete appeal process including the Administrative

Procedure Act." (ECF No. 29, p. 3)  Wilmoth's argument is unavailing as "[a]ttorney negligence . . . is chargeable to the client and precludes relief unless the conditions of § 2254(e)(2) are satisfied." *Holland v. Jackson*, 542 U.S. 649, 653 (2004) (per curiam) (citing *Williams v. Taylor*, 529 U.S. at 439-440).

The record shows that following his parole revocation hearing held on August 17, 2016, Wilmoth, acting pro se, not Draper, filed an appeal to the Arkansas Parole Board on August 25, 2016.  (ECF No. 13-10).  Wilmoth did not rely on Draper to pursue his appeal; he unequivocally stated that attorney Draper was released as his counsel, and he asserted his constitutional right to represent himself.  (ECF No. 13-10, p. 4).  The decision of the Hearing Judge to revoke Wilmoth's parole was affirmed by the Arkansas Parole Board on September 15, 2016.  (ECF No. 13-9).

Parole revocation decisions by the Arkansas Parole Board are administrative decisions governed by the Arkansas Administrative Procedure Act ("APA"), codified at A.C.A. § 25-15-201, *et seq*.  *See Hickman v. Arkansas Board of Pardons and Paroles*, 361 F.Supp. 864, 868 (E.D.Ark 1973); *Clinton v. Bonds*, 306 Ark. 554, 816 S.W.2d 169 (1991) (an inmate who asserts a credible constitutional claim is entitled to judicial review under the APA).  In order to fully develop the factual basis for his constitutional claims in state court, Wilmoth was obliged to appeal the decision of the Arkansas Parole Board by filing a petition in an appropriate Arkansas circuit court within 30 days of the service upon him of the Arkansas Parole Board's final decision.  A.C.A. § 25-15-212(b)(1).  He failed to do so.  By failing to appeal the decision of the Arkansas Parole Board, Wilmoth failed to develop the factual basis for his claims in state court proceedings as required by 28 U.S.C. § 2254(e)(2), and his claims are procedurally barred.

## B. Procedural Default Not Excused

The procedural bar of Wilmoth's claims is not excused by any cause for the default and actual prejudice, nor will the failure to consider his claims result in a fundamental miscarriage of justice. *See Coleman*, 501 U.S. at 750. Wilmoth's failure to exhaust his available state court remedies does not arise from his own diligent efforts being thwarted by the conduct of another, or some other external impediment, but from his own inaction. While Wilmoth seeks to blame attorney Draper for not informing him of the complete appeal process, his lack of understanding of the appeal process under the APA does not excuse his failure to act. An inmate's ignorance of applicable law is attributable to him and will not serve to excuse his failure to fully develop his claims in state court. *See Stanley v. Lockhart*, 941 F.2d 707, 710 (8th Cir. 1991) (pro se status and limited educational background do not constitute sufficient cause to excuse a procedural default) (internal citations omitted).

The record also shows that the factual and legal bases for his claims were known to Wilmoth at the time of his parole-revocation hearing and his appeal to the Arkansas Parole Board. Wilmoth's appeal to the Arkansas Parole Board raised many of the same claims he now asserts in this action. (ECF No. 13-10). Wilmoth has not even alleged that his claims rely on facts that could not have been previously discovered through the exercise of due diligence. Because no cause has been established for Wilmoth's procedural default, it is unnecessary to consider whether he has demonstrated prejudice. *Abdullah v. Groose*, 75 F.3d 408, 413 (8th Cir. 1996) (en banc); *McCleskey v. Zant*, 499 U.S. 467, 502 (1991).

Wilmoth has not demonstrated adequate cause for his failure to exhaust his available state court remedies, nor has he alleged or shown actual innocence to support a fundamental miscarriage

of justice argument. Accordingly, Wilmoth's claims are inexcusably procedurally defaulted, and this Court is barred from considering them.

### III. Conclusion

For the reasons and upon the authorities discussed above, Wilmoth's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF No. 1) should be **DISMISSED with PREJUDICE**. Furthermore, a certificate of appealability should be denied, as Wilmoth has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)(A)-(2); Rule 11, Rules Governing § 2254 Cases in the United States District Courts.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 5th day of September 2017.

/s/ Mark E. Ford
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE