IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MICHAEL SHANE WILMOTH                                 PLAINTIFF

V.                      CASE NO. 5:16-CV-05330

WENDY KELLY, Director, Arkansas
Department of Correction                                        DEFENDANT

## OPINION AND ORDER

Currently before the Court is the Report and Recommendation ("R&R") (Doc. 36) issued by the Honorable Mark E. Ford, United States Magistrate Judge for the Western District of Arkansas, on September 5, 2017. Plaintiff Michael Shane Wilmoth timely filed Objections (Doc. 44) to the R&R on October 30, 2017. In light of Mr. Wilmoth's objections, the Court has undertaken a *de novo* review of the record. 28 U.S.C. § 636(B)(1)(C). For the reasons explained herein, the Objections are overruled, and the R&R is **APPROVED AND ADOPTED**.

Mr. Wilmoth's Petition for Writ of Habeas Corpus (Doc. 1), filed pursuant to 28 U.S.C. § 2254, asserts that he is severely mentally ill, was denied his right to appear at a parole-revocation hearing, was denied his right to call witnesses or present evidence at the parole-revocation hearing, and received ineffective assistance of counsel due to his appointed attorney's failure to confer with him. He is currently incarcerated due to the revocation of his parole. The initial decision to revoke his parole was made following a hearing on August 17, 2016. Then Mr. Wilmoth, acting *pro se*, filed an appeal of this decision to the Arkansas Parole Board on August 25, 2016. The Arkansas Parole Board affirmed the Hearing Judge's decision on September 15, 2016.

The Magistrate Judge in his R&R explained that Mr. Wilmoth's Petition for Writ of

Habeas Corpus should be dismissed because he procedurally defaulted on all of his claims. He was required to appeal the decision of the Arkansas Parole Board by filing a petition in the appropriate Arkansas circuit court within 30 days of service of the Arkansas Parole Board's decision. Ark. Code Ann. § 25-15-212(b)(1). Because he failed to develop the factual basis for his claims in state court proceedings, as required by 28 U.S.C. § 2254(e)(2), he cannot obtain relief in this Court.

In his objections to the R&R, Mr. Wilmoth argues that the Hearing Judge made various errors during the initial parole-revocation hearing, and that the attorney that the State had appointed to represent Mr. Wilmoth during the hearing, Sharon Draper, then had the legal obligation to appeal the decision. Mr. Wilmoth admits that she did not file the appeal, and that he filed it himself, *pro se*. For whatever reason, he argues that it was Ms. Draper's obligation to appeal the Arkansas Parole Board's decision to the appropriate Arkansas circuit court. In light of the undisputed facts in the record showing that Mr. Wilmoth was representing himself at that point, his position is untenable. In the alternative, Mr. Wilmoth attempts to argue that he should not have been bound by the appellate requirements in Ark. Code Ann § 25-15-212, as they do not apply to parole-revocation decisions. He is mistaken. *See Hickman v. Ark. Bd. of Pardons and Paroles*, 361 F.Supp. 864, 868 (E.D. Ark.1973).

**IT IS THEREFORE ORDERED** that Mr. Wilmoth's Objections are **OVERRULED**, the Report and Recommendation (Doc. 36) is **ADOPTED IN ITS ENTIRETY**, and the Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED WITH PREJUDICE**. Judgment will enter concurrently with this Order.

**IT IS SO ORDERED** on this 14th day of December, 2017.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE